Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8325 | **DATE** | October 18, 2012 |
| **CASE TITLE** | U.S. ex rel. Edward Moore (#A-70777) v. Michael Atchison, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner has submitted a motion for leave to proceed *in forma pauperis* [#3]. The motion is granted. Respondent is ordered to answer the petition or otherwise plead within thirty days of the date of this order. Petitioner's motion for appointment of counsel [#4] is denied as premature. On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party.

■ [**For further details see text below.**]                                                                 Docketing to mail notices.

## STATEMENT

     Edward Moore, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1992, Grundy County, Illinois conviction for first degree murder, home invasion, residential burglary, aggravated criminal sexual assault, arson, and robbery on multiple grounds. The Court notes that this is not Petitioner's first habeas petition regarding this petition, having filed *U.S. ex rel. Edward Moore v. James Schomig*, Case No 00 C 6490 (N.D.Ill.) (Holderman, J.), however, the Court specifically held in its dismissal order of March 1, 2002, that dismissal was without prejudice to Petitioner filing a new suit within 45 days of exhausting his state court remedies, and that any such petition would not be deemed successive. According to Petitioner's present petition, he exhausted his state court remedies on September 26, 2012.

     Petitioner has submitted a motion seeking to proceed *in forma pauperis*. The motion is granted. Petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition and appears to have filed this action in a timely manner. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present. Additionally, the Clerk is directed to amend the caption of the case to indicate that the proper respondent is Marcus Hardy, the warden of Stateville Correctional Center, where Petitioner is presently incarcerated.

     Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.
**(CONTINUED)**

AWL

**STATEMENT (continued)**

Petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

Finally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.