IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD A. MOORE, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | No. 12 C 8325 |
| MARCUS HARDY, ) | |
| ) | |
| Respondent. ) | |
| ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

For the reasons explained below, petitioner Edward A. Moore, Jr.'s motion for appointment of counsel [15] is denied and motion for 60 day extension of time [17] is granted. Petitioner Moore shall file his reply by 4/22/13.

Statement

Edward Moore, a state prisoner, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1992, Grundy County, Illinois conviction for first degree murder, home invasion, residential burglary, aggravated criminal sexual assault, arson, and robbery on multiple grounds. He now moves for the appointment of counsel. If that motion is denied, Moore requests an additional 60 days to file his reply.

In habeas cases under 28 U.S.C. § 2254, the court may appoint counsel to represent a financially-eligible petitioner if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *see also* Rule 8(c), Rules Governing Section 2254 Cases. Here, petitioner Moore filed an initial motion for appointment of counsel with his petition. (Dkt. No. 4.) The court denied that motion on October 18, 2012, stating that the motion was premature and that the court could not determine whether the interests of justice require the appointment of counsel without reviewing the government's answer to the petition. The government has now filed its answer (Dkt. No. 13), and the court has made a preliminary review of the answer and of Moore's petition.

Based on that review, the court determines that appointment of counsel is not required by the interests of justice. First, Moore has been represented at every stage of his direct appeal and of his state petitions for post-conviction review, so the issues in his case have been amply investigated and evaluated. As a result, Moore's petition is comprehensive and coherent, indicating both that he has a firm grasp on the proceedings and that he has benefited from the work of counsel who have represented him previously. Moore asserts in his motion that he lost his legal

papers when he was moved from one prison to another, and that he "was given 6 months in the hole." Those challenges did not prevent him from filing a lengthy document contesting some of the factual assertions in the government's answer. (Dkt. No. 18.) The court sees no impediment to Moore litigating the case himself.

In addition, the court's preliminary review of the merits of the case indicate that many of Moore's claims may be defaulted, suggesting that appointed counsel would not be able to make any difference in the outcome. *Taylor v. Knight*, 223 F. App'x 503, 504 (7th Cir. 2007). The court thus declines to appoint counsel for Moore. The court will, however, grant Moore an additional 60 days to file his reply, as he requests.

ENTER:

JAMES F. HOLDERMAN
Chief Judge, United States District Court

Date: February 25, 2013